IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

| | | |
|---|---|---|
| **CONSOLIDATED RAIL CORPORATION** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case 1:07-cv-01370 - RMU |
| | : | |
| **GERARD A. RITTER AND SUSAN R. NOREK,** | : | |
| **Executors for the Estate of GERARD H.** | : | |
| **RITTER, deceased** | : | : |
| | : | |
| Defendants, | : | |

---

**DEFENDANTS' REPLY IN SUPPORT OF  MOTION TO DISMISS**
**THE COMPLAINT OF CONSOLIDATED RAIL CORPORATION**

Conrail has opposed Defendants' Motion to Dismiss largely by seeking to characterize as irrelevant this Court's decision in *Consolidated Rail Corporation., v. Reading Company,* 654 F. Supp. 1318 (Sp.Ct.R.R.R.A. 1987).  Conrail's characterization is wrong.  The opinion directly addresses the jurisdictional issue presented by this case and supports a dismissal of the action, as set forth below.

I.      THE *READING* COURT SPECIFICALLY FOUND THAT IT LACKED JURISDICTION UNDER SECTION 209(e) TO CONSIDER THE SUCCESSOR LIABILITY ISSUES PRESENTED BY THIS CASE.

Plaintiffs claim that the *Reading* Court exercised jurisdiction solely under Section 1152(a)(1) "and thus exercised limited jurisdiction to decide an extremely narrow issue." (Conrail brief, at p. 3, fn 1) This statement misses the point of the *Reading* decision.  The crucial issue presented by *Reading* was whether this Court could exercise jurisdiction under Section

209(e) to determine successor liability in the asbestos personal injury context.  Consider the

following section of the *Reading* decision:

> Conrail and Amtrak urge the court to go farther and assume
> jurisdiction to determine whether the overall federal regulatory
> scheme embodied in the Rail Act precludes any imposition of
> successor liability.

*Reading*, 654 F. Supp. at 1324.  The Court rejected that invitation specifically because it found

that Section 209(e) did not confer the Special Court with such jurisdiction:

> This court's jurisdiction over provisions of the Rail Act, other than
> those provisions added or amended by NRSA, is found in §209(e)
> of the Rail Act.  The **§209(e) jurisdiction is more circumscribed
> than the jurisdiction found in §1152 (a)** of the NRSA.  As we
> have held, §209(e) does not confer jurisdiction over every suit
> requiring an interpretation of the Rail Act.  There must be a
> challenge to an action or inaction of the USRA or to a provision of
> the Rail Act itself. . . . Conrail and Amtrak are not challenging the
> Rail Act but seeking a declaration that the overall purpose of the
> Act, to establish an economically viable freight railroad in the
> region, is jeopardized by the possibility of imposing common law
> successor liability on Conrail.  This may be so, but it is not within
> our exclusive jurisdiction to determine.  We must limit our
> decision to those questions which fit squarely within our §1152
> (a)(1) jurisdiction, that is, the preemptive effect of §709(b).

*Id.* at 1324-1325 (citations omitted, emphasis added).

Conrail seeks to distinguish *Reading* only by ignoring its central holding that this Court

lacks exclusive jurisdiction to determine whether the successor liability of Conrail would

jeopardize the purpose of the Rail Act.

Conrail's focus on the now-repealed Section 709(b) of the Rail Act is misplaced.  As

made clear by the decision, Conrail had asked this Court to go the extra step of analyzing the

broader issue of successor liability.  This Court declined not only because it was being asked to

determine whether the now-repealed §709(b) of the Rail Act provided grounds for recovery of

–2–

damages against Conrail but also because there was no express provision regarding the

preemption of successor liability. "[T]here is just no indication that Congress regarded the

possibility of successor tort liability to be an obstacle to Conrail's continued operations . . . ."

*Id.* at 1332. *Reading* is on point and counsels the dismissal of this case.

> II. *READING* IS THE ONLY CASE THAT ADDRESSES A PERSONAL INJURY
> CLAIM RELATED TO ASBESTOS EXPOSURE

*Reading* is especially pertinent to this case because it decides the jurisdictional issue at

bar in the context of a claim for personal injuries that is basically identical to the claim asserted

by Mr. Ritter. None of the cases cited by Conrail involve the personal injury context. Conrail

cited cases involving costs for hazardous waste cleanup, *see Penn Central Corp. v. U. S.*, 862 F.

Supp. 437 (Sp.Ct.R.R.R.A. 1994), and *Consolidated Rail Corp. v. U.S.*, 883 F. Supp. 1565,

Sp.Ct.R.R.R.A. 1995); involving the validity of a district court injunction over a certain portion

of railway in Illinois, *see Consolidated Rail Corp., v. State of Ill.*, 423 F. Supp. 941

(Sp.Ct.R.R.R.A. 1976), and involving construction delays caused by an undisclosed presence of

an underground electrical ductbank, *see Consolidated Rail Corporation v. Comm. of Pa. Dep't of

 Gen. Svs*. (No. 97-RR001 (D.D.C. 1997). Whatever the issues presented by these cases, none

surmount or otherwise contradict Reading's holding that this Court lacks jurisdiction to

determine successor liability in the personal injury context presented by this case.

*Reading* is the only case cited by either party that addresses the issue of successor

liability for exposure to asbestos and the latent nature of those injuries. It is instructive and its

analysis mandates a dismissal of the instant action.


WHEREFORE, Defendants respectfully request that this Honorable Court dismiss

Consolidated Rail Corporation's Complaint for Declaratory Relief.

                                        Respectfully submitted,


Dated: September 13, 2007               /s/ Denis C. Mitchell_____
                                        Denis C. Mitchell, Bar No. MD26510
                                        STEIN MITCHELL & MEZINES
                                        1100 Connecticut Avenue NW
                                        Suite 1100
                                        Washington, DC 20036
                                        202-737-7777
                                        dmitchell@steinmitchell.com

                                        Attorneys for Defendants Gerard A. Ritter
                                        And Susan R. Norek, Executors for the Estate of
                                        Gerard H. Ritter, deceased


Of Counsel:
KLINE & SPECTER, P.C.
Lee B. Balefsky, Esquire
Michelle L. Tiger, Esquire
Cheryl P. Jacobs, Esquire
1525 Locust Street. 19th Floor
Philadelphia, PA 19102


Attorneys for Defendants Gerard A. Ritter
And Susan R. Norek, Executors for the
Estate of Gerard H. Ritter, deceased

**CERTIFICATE OF SERVICE**

I certify that on September 13, 2007 the foregoing reply memorandum was served electronically and by First Class mail on counsel for the plaintiff:

Laurence Z. Shiekman, Esquire
Ken Massey, Esquire
T. Joel Zuercher, Esquire
PEPPER HAMILTON, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Charles Carpenter, Esquire
PEPPER HAMILTON, LLP
600 Fourteenth Street NW, St. 500
Washington, DC 20005-2004

/s/ Denis C. Mitchell
Denis C. Mitchell