IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**CONSOLIDATED RAIL CORPORATION**                    :
                                                 :
                                                 :
                                       Plaintiff,  :
                                                 :
                                                 :
                            v.                   :          CIVIL ACTION NO. 07-01370
                                                 :
**GERARD A. RITTER AND SUSAN R. NOREK,**              :
**Executors for the Estate of GERARD H.**            :
**RITTER, deceased**                                 :
                                                 :
                                      Defendants  :
                                                 :

## PLAINTIFF'S STATEMENT OF POINTS AND AUTHORITIES IN RESPONSE TO DEFENDANTS' AMENDED UNOPPOSED MOTION TO EXPEDITE THEIR MOTION TO DISMISS

Defendants' Gerard A. Ritter and Susan R. Norek, Executors for the Estate of Gerard H. Ritter (hereinafter "Defendants" or "Ritter"), have filed an amended, unopposed motion to expedite their motion to dismiss. As noted by Ritter, plaintiff Consolidated Rail Corporation (hereinafter "Conrail") does not oppose the relief sought in this motion. If the Court sees value in expediting these proceedings Conrail certainly does not object. Conrail, however, wishes to briefly respond to several statements contained in the Defendants' memorandum of points and authorities supporting their motion.

The Defendants contend they have been "severely prejudiced" by Conrail's Declaratory Judgment action in this Court. They claim that Conrail waited more than two years to file this action, and that, since the Philadelphia, Pennsylvania

#8928754 v1

Court of Common Pleas has granted Conrail's state court stay motion in *Ritter v. Garlock, Inc., et al.*, No. 050600467 (hereinafter the "Pennsylvania Action"), the Ritter family has been deprived of their day in court at the "eleventh hour."

First, the Declaratory Judgment Action pending in this Court was not filed at the "eleventh hour" – it was filed two months before jury selection was scheduled in the Pennsylvania Action, and was in fact filed with a notice of designation to a related case pending in this Court, which was filed on June 27, 2007, three months prior to jury selection in the Pennsylvania Action. Moreover, pursuant to Section 209(g) of the Regional Rail Reorganization Act of 1973, 45 U.S.C. Section 719 (g), Conrail has the right, at any time, to file a Declaratory Judgment Action to determine the successorship issue. 45 U.S.C. § 719(g).

Second, Conrail's state court motion to stay was filed in compliance with the Pennsylvania Court's mandate of strict adherence to the standing Case Management Order for each trial grouping. In the instant matter, the Pennsylvania Action was placed in the October 2007 trial grouping, such that dispositive motions were due on August 7, 2007, at the end of the discovery period. In accordance with this deadline, Conrail timely filed a motion to stay on the appropriate date. The state court judge, charged with presiding over a large number of asbestos trials, then stayed the Pennsylvania Action to allow this Court to determine the issue of successor liability. Consequently, Ritter's assertion that Conrail intended to derail the Pennsylvania trial is disingenuous: Conrail asks only that claims against it that are within this Court's exclusive jurisdiction be adjudicated here, not that the entire case be disturbed.

-2-

Further, Conrail decided to request relief from this Court not to delay the pending Pennsylvania Action, but rather because three separate claims for successor liability against Conrail were simultaneously winding towards trial in the state court systems. Conrail, for purposes of efficiency, has requested that this Court exercise its statutory jurisdiction to determine the issue of successor liability in all three of those actions. In one of those cases, *Consolidated Rail v. Gribbin*, 07-CV-01371, the state court trial date is more than eight months away. In the other, *Consolidated Rail v. Boyd*, 07-CV-01148, counsel for state court plaintiff Boyd agreed to the state court stay and consented to have this Court determine the issue of successor liability. (*See* Joint Motion for Stay of Trial in Cuyahoga County, Ohio, attached hereto as "Exhibit A").

Finally, it is unclear why this Court's appropriate consideration of the Declaratory Judgment Action will severely prejudice the Defendants. Mr. Gerard H. Ritter, the original plaintiff in the Pennsylvania Action, is now deceased. The current plaintiffs in the Pennsylvania Action are the executors of Mr. Ritter's estate. While the executors are certainly entitled to just consideration of their claims, it is unclear why reasonable consideration of this Declaratory Judgment Action would cause them undue hardship. Conrail, as noted above, is well within its statutory rights to file this Declaratory Judgment Action in this Special Court, and this Court's reasonable consideration of the successorship issue raised by this Action will not deprive the Ritter family of their day in court.

#8928754 v1

Respectfully Submitted,

/s/ Laurence Z. Shiekman
Laurence Z. Shiekman (*pro hac vice*)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103
Telephone: (215) 981-4000
Facsimile: (215) 981-4750

Charles H. Carpenter (D.C. Bar # 432004)
PEPPER HAMILTON LLP
600 Fourteenth Street, N.W., Suite 500
Washington, DC  20005-2004
Telephone: (202) 220-1200
Facsimile: (202) 220-1665

Attorneys for Plaintiff,
Consolidated Rail Corporation

October 5, 2007

#8928754 v1

# Exhibit A



**GRANTED**

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
ASBESTOS LITIGATION

| | | |
|---|---|---|
| James T. Ray., Executor of the<br>Estate of Harold F. Boyd (Deceased) | )<br>)<br>) | CV- 02-468660 |
| | ) | |
| Plaintiff, | )<br>) | JUSTICE FRANCIS E. SWEENEY |
| vs. | )<br>) | JUDGE HARRY A. HANNA<br>JUDGE LEO SPELLACY |
| | ) | |
| American Optical, et al., | )<br>) | |
| Defendants. | ) | |

### JOINT MOTION FOR STAY OF TRIAL

Plaintiff and defendant, by counsel, jointly move for an Order Staying the Trial in this case for the following reasons:

1.    Defendant Consolidated Rail Corporation has filed a Complaint for Declaratory Relief in the United States District Court for the District of Columbia seeking a ruling on the successor liability of defendant for liability incurred by Erie Lackawanna Railroad.

2.    Plaintiff and defendant have agreed to stay the trial in this case pending resolution of the action in the United States District Court for the District of Columbia.

3.    Plaintiff and defendant reserve any and all rights and defenses regarding the actions filed either in Federal District Court or the instant case, including objections or defenses based upon improper venue or lack of jurisdiction.

4.      Plaintiff and defendant agree that this joint Motion renders defendant's Motion for Stay in Federal Court moot.

5.      This Joint Motion for Stay of the Trial shall not affect discovery.  Plaintiff and defendant shall file a Joint Case Management Order to provide deadlines for completion of discovery pending resolution of the issues in Federal Court.

6.      Each party reserves the right to petition this Court for termination or for modification of the stay as future developments warrant.

WHEREFORE, plaintiff and defendant request that this Court stay the trial in this case subject to the terms and conditions contained in this Motion.


Date: August 14, 2007                              Respectfully submitted,



s/ David A. Damico, Esquire                        s/ Mark C. Meyer, Esquire
David A. Damico, Esquire                           Mark C. Meyer, Esquire
Burns, White & Hickton                             Goldberg, Persky & White, P.C.
Four Northshore Center                             1030 Fifth Avenue
106 Isabella Street                                Pittsburgh, PA  15219
Pittsburgh, PA 15212                               *Attorney for Plaintiff*
*Attorney for Defendant*                           *James T. Ray, Executor of the*
*Consolidated Rail Corporation*                    *Estate of Harold F. Boyd*

**This document constitutes a ruling of the court and should be treated as such.**

| | |
|---|---|
| **Court:** | OH Cuyahoga County Court of Common Pleas |
| **Judge:** | Judge Harry A Hanna, Judge Leo M Spellacy |
| **Alternate Judge:** | Justice Francis E Sweeney |
| **File & Serve Transaction ID:** | 15943302 |
| **Current Date:** | Aug 15, 2007 |
| **Case Number:** | CV-468660 |
| **Case Name:** | Ray, James & Harold Boyd |

/s/ Judge Judge Leo M Spellacy