IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
_____

| | | |
|---|---|---|
| **CONSOLIDATED RAIL CORPORATION** | : | |
| | : | |
| Plaintiff, | : | Case 1:07-cv-01370 - RMU |
| | : | |
| v. | : | |
| | : | |
| **GERARD A. RITTER AND SUSAN R. NOREK,** | : | |
| **Executors for the Estate of GERARD H.** | : | |
| **RITTER, deceased** | : | |
| | : | |
| Defendants | : | |

_____

**MEMORANDUM OF POINTS AND AUTHORITY IN OPPOSITION TO
CONRAIL'S MOTION FOR RECONSIDERATION**

Consolidated Rail Corporation ("Conrail") has sought declaratory relief from this Court in an effort to shield itself from successor liability for Plaintiffs' personal injury claims pending in the Philadelphia County Court of Common Pleas. Interpreting the Rail Act, this Court concluded that it lacked jurisdiction over Conrail's claims. Seeking reconsideration, Conrail argues that the Court committed clear legal error in its jurisdictional analysis.

In fact, this Court's analysis was straightforward and appropriate. The Court reached the right answer for the right reasons. The reconsideration motion should be denied.

**I.     The Court properly ruled that it lacks jurisdiction over the instant action.**

As explained in the Court's Opinion, the Rail Act reposes exclusive and original jurisdiction in this Court to interpret the Conveyance Order, which transfers to Conrail all rail property free and clear of any "liens or encumbrances." *See* 45 U.S.C. § 743 (b)(2). Because the Court's jurisdiction is circumscribed by the scope of the Conveyance Order, the Court must

define "lien "and "encumbrance" to determine the scope of its jurisdiction. The Court's analysis in this regard was straightforward and clear. Indeed, in determining that the terms "lien" and "encumbrance" were property concepts tied to land use, the Court considered <u>both</u> cases on which Conrail relied regarding its claim that the Rail Act's "fresh start" policy precludes successor liability for personal injury claims based on preconveyance conduct.[1] The Court properly recognized that these cases reinforced (and did not undermine) its conclusion that no jurisdiction existed over the instant case.

In addition, the Court aptly relied upon one of its prior decisions regarding a substantially similar jurisdictional issue. *See Consolidated Rail Corporation, et al., v. Reading Company, et al.*, 654 F. Supp. 1318 (Sp.Ct.R.R.R.A. 1987). There, as here, Conrail sought a declaration that federal rail legislation barred recovery by railroad employees or their representatives for injuries and/or death sustained as a result of asbestos exposure. Rejecting Conrail's position, this Court explained that jurisdiction must be predicated on a challenge to "an action or inaction of the USRA or to a provision of the Rail Act itself." *Id.* at 1324-1325, quoting *Prairie Central Ry. V. Illinois Central Gulf RR.*, 564 F. Supp. 385 (Sp.Ct. R.R.R.A. 1983). There is no such challenge in this case because of the limited scope of the terms "liens" and "encumbrances;" Conrail's case was properly dismissed both in *Reading* and here.

**II.    The Court did not rule on any matter beyond jurisdiction.**

Conrail says that the Court reached a substantive conclusion that went beyond a narrow jurisdictional holding. This statement is obviously incorrect. The Court's opinion does not purport to determine whether Conrail ultimately is liable to the Ritters on a theory of successor

---

[1] *See Consolidated Rail Corporation v. United States*, 883 F. Supp. 1565 (Sp. Ct. R.R.R.A. 1995); *Consolidated Rail Corporation v. Pennsylvania Department of General Services*, Civ. No. 97 - RR -01 (Sp. Ct. R.R.R.A. 1997).

liability; it simply found that the Rail Act does not bar the Ritters from asserting such a claim. Conrail's suggestion otherwise is a red herring and represents a failed effort to reargue the jurisdictional issue before the Court.

The cases cited by Conrail do not support reconsideration, in any event. In *Zulkowski, v. Consolidated Rail Corp., et al.*, 852 F. 2d 73, 75-76 (3d Cir. 1988), and in *Schweitzer v. Consolidated Rail Corp.*, 65 B.R. 794 (E.D.Pa. 1986), Conrail was relieved of successor liability in asbestos cases because the original railroad employer still existed after bankruptcy reorganization and could be sued. In *City of Philadelphia v. Consolidated Rail Corp.,* C.A. No. 96-RR-01 (Sp. Ct. R.R.R.A. 1997), this Court was asked to decide whether Conrail was liable for costs associated with the maintenance and repair of a bridge based on contractual obligations dating back to 1927 between the original railroad and the City of Philadelphia. The Court found for Conrail because all agreements for maintenance were specifically excluded by the Conveyance Order under the given facts. In sum, these cases are inapposite and only underscore the lack of merit in Conrail's reconsideration motion.

As a final matter, the procedural history of this matter reveals Conrail's true intention: to delay trial as long as possible. Conrail filed its declaratory judgment action on the eve of an asbestos trial that had been scheduled for several months. It filed this motion for reconsideration <u>after</u> the Philadelphia County Court of Common Pleas lifted the stay it had imposed pending this Court's decision.[2]  *See* Order dated April 9, 2008, attached as Exhibit "A". Conrail also filed this motion for reconsideration without first contacting counsel as required by the Rules of this Court, further demonstrating Conrail's sharp tactics.

---

[2] Rather than timely objecting to the Ritters' motion to lift the stay in state court, Conrail filed this reconsideration motion and responded late in state court.

**CONCLUSION**

The Court's jurisdictional analysis was correct and does not contain a clear legal error or any other basis for reconsideration. Accordingly, Defendants respectfully request that the Court deny the instant motion for reconsideration.

                              Respectfully submitted,

Dated: April 24, 2008            /s/ Denis C. Mitchell
                                      Denis C. Mitchell, Bar No. MD26510
                                      STEIN MITCHELL & MEZINES
                                      1100 Connecticut Avenue NW
                                      Suite 1100
                                      Washington, DC 20036
                                      202-737-7777
                                      dmitchell@steinmitchell.com

                                      Attorneys for Defendants Gerard A. Ritter
                                      And Susan R. Norek, Executors for the Estate of
                                      Gerard H. Ritter, deceased

Of Counsel:
KLINE & SPECTER, P.C.
Lee B. Balefsky, Esquire
Michelle L. Tiger, Esquire
Cheryl P. Jacobs, Esquire
1525 Locust Street. 19th Floor
Philadelphia, PA 19102


Attorneys for Defendants Gerard A. Ritter
And Susan R. Norek, Executors for the
Estate of Gerard H. Ritter, deceased

**CERTIFICATE OF SERVICE**

      I certify that on April 24, 2008 the foregoing motion was served electronically and by first class mail on counsel for the plaintiff:

                Laurence Z. Shiekman, Esquire
                Ken Massey, Esquire
                T. Joel Zuercher, Esquire
                PEPPER HAMILTON, LLP
                3000 Two Logan Square
                Eighteenth and Arch Streets
                Philadelphia, PA 19103-2799

                Charles Carpenter, Esquire
                PEPPER HAMILTON, LLP
                600 Fourteenth Street NW, St. 500
                Washington, DC 20005-2004


                /s/ Denis C. Mitchell
                Denis C. Mitchell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CONSOLIDATED RAIL CORPORATION** : | |
| : | |
| Plaintiff, : | Case 1:07-cv-01370 - RMU |
| : | |
| v. : | |
| : | |
| **GERARD A. RITTER AND SUSAN R. NOREK,** : | |
| **Executors for the Estate of GERARD H.** : | |
| **RITTER, deceased** : | |
| : | |
| Defendants : | |

## **ORDER**

Upon consideration of plaintiff's motion for reconsideration of the Memorandum Opinion Granting the Defendants' Motion To Dismiss, defendants' opposition thereto, and the entire record in this matter, it is hereby

ORDERED that the motion is DENIED.


Dated: _____

                                                           _____
                                                           The Honorable Ricardo M. Urbina
                                                           United States District Court
                                                             for the District of Columbia

Copies to:

Denis C. Mitchell
STEIN MITCHELL & MEZINES
1100 Connecticut Avenue NW
Suite 1100
Washington, DC 20036
dmitchell@steinmitchell.com

Lee B. Balefsky, Esquire
Cheryl P. Jacobs, Esquire
KLINE & SPECTER, P.C.
1525 Locust Street. 19th Floor
Philadelphia, PA 19102

Laurence Z. Shiekman, Esquire
Ken Massey, Esquire
T. Joel Zuercher, Esquire
PEPPER HAMILTON, LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103-2799

Charles Carpenter, Esquire
PEPPER HAMILTON, LLP
600 Fourteenth Street NW, St. 500
Washington, DC 20005-2004

# Exhibit "A"

KLINE & SPECTER, P.C.
By: Lee B. Balefsky, Esquire
I.D. # 25321
By: Cheryl P. Jacobs, Esquire
I.D. # 64913
1525 Locust Street
Philadelphia, PA 19102
215-772-1000
Attorneys for Plaintiffs

| | |
|---|---|
| GERARD A. RITTER AND SUSAN R. NOREK, CO-EXECUTORS OF THE ESTATE OF GERARD H. RITTER, Dec'd. AND ALICE K. RITTER, IN HER OWN RIGHT<br><br>           PLAINTIFFS,<br><br>VS.<br><br>GARLOCK, INC., ET AL.,<br><br>           DEFENDANTS. | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>JUNE TERM, 2005<br>NO. 000467<br><br>ASBESTOS CASE |

## ORDER

AND NOW, this 9th day of April, 2008, it is hereby ORDERED and DECREED that the stay of proceedings imposed by this Court on September 25, 2008 is lifted and this case SHALL BE scheduled for trial.

By the Court:

_____
J.

Ritter Etal Vs Viad Corp Etal-ORDER

0606009060021

COPIES SENT PURSUANT TO Pa.R.C.P.236(b)
APR 9 - 2008
FIRST JUDICIAL DISTRICT OF PA
L. BRYANT-DAVIS

DOCKETED
COMPLEX LIT CENTER
APR 9 - 2008
L. BRYANT-DAVIS